UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE AREL,<br><br>    Defendant. | Case No. 13-cr-00539-SI-1; 13-cv-0270<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I)**<br><br>Re: Dkt. No. 42 |

On March 5, 2021, the Court held a hearing on defendant Andre Arel's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Dkt. No. 50. For the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

On September 13, 2013, defendant pled guilty to one count of possession with intent to distribute methamphetamine in criminal case number 13-0539, and also entered into a plea agreement in criminal case number 13-270. Dkt. No. 20. On March 14, 2014, defendant was sentenced to 168 months on both cases. Dkt. No. 27. Defendant is currently incarcerated at FMC Rochester (Minnesota) and has a projected release date of October 30, 2024. Dkt. No. 44 at 3. Defendant has served approximately 70% of his sentence. Dkt. No. 42 at 3. Defendant is 54 years old. Dkt. No. 44 at 3.

On January 29, 2021, defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Dkt. No. 42. The government filed an opposition to defendant's motion on February 10, 2021. Dkt. No. 44. Defendant filed a reply on February 12, 2021. Dkt. No. 49.

**LEGAL STANDARD**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First

Step Act, the statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Defendant argues that his confinement in FMC Rochester, prior COVID-19 diagnosis, and current health conditions are "extraordinary and compelling reasons" for compassionate release.[1] Dkt. No. 42 at 12-17. Defendant asserts that his confinement in FMC Rochester increases his risk of contracting COVID-19. *Id.* at 15. Moreover, defendant argues that his medical history involving congestive heart failure, obesity, and pre-diabetic status increase the risk of defendant suffering from serious illness if he were to contract COVID-19. *Id.* Finally, defendant asserts that he is not a danger to society. Defendant argues that he has retained his sobriety for the past eight years, has a clean disciplinary record, is committed to having a relationship with his son, and has a stable environment to return to if released. *Id.* at 16-17.

---

[1] The parties disagree about whether U.S. Sentencing Guidelines Manual § 1B1.13 applies to compassionate release motions brought by defendants. The policy statement sets forth circumstances that constitute "extraordinary and compelling reasons," and also provides that BOP may determine whether there are "other reasons" that are "extraordinary and compelling" that warrant compassionate release. U.S.S.G. § 1B1.13 at Application Notes. Defendant argues that the policy statement does not apply because the statement was last revised before the First Step Act. Dkt. No. 42 at 12. The government argues that district courts are bound by policy statements issued by the Sentencing Commission. Dkt. No. 44 at 8-12. District courts within the Ninth Circuit have split on this issue, and the Ninth Circuit has not yet addressed the question. Three circuit courts have ruled on the issue, and all three have held that the policy statement is not applicable to compassionate release motions brought by defendants. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Jones*, 2020 WL 6817488, __ F.3d __ (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 2020 WL 6813995, __ F.3d __ (7th Cir. Nov. 20, 2020).

The government opposes defendant's motion. Dkt. No. 44. The government argues that defendant was able to recover from his prior COVID-19 diagnosis. *Id*. at 15. The government also argues that current conditions associated with COVID-19 are temporary given the recent medical development of vaccines. *Id*. at 19. Finally, the government argues that defendant would be a danger to society if released because "there is a significant difference between doing well in prison and doing well in society" and defendant has an extensive criminal history. *Id*. at 16-17.

Having carefully considered the parties' papers and arguments, the Court hereby GRANTS defendant's motion. The Court finds that defendant has met his burden of showing "extraordinary and compelling reasons" warranting release. Defendant has suffered from heart failure, is obese, and is pre-diabetic. The government concedes that defendant could suffer severe symptoms, if he contracted COVID-19 again, given defendant's medical history. Dkt. No. 44 at 15. Moreover, defendant has demonstrated that he would not be a danger to society if released. Defendant is sober and has a clean disciplinary record. Notably, defendant has a release plan that involves a stable and drug-free home environment with his sister and son.

Accordingly, the Court modifies defendant's sentence of imprisonment on both 13cr270 and 13cr539 to time served. The remaining portion of defendant's original term of imprisonment shall be served as supervised release, subject to all the terms and condition of the original judgment with the following additional condition: defendant is restricted to the residence of his sister, Andrea Arel, at all times except for employment, education, religious appearances, court-ordered obligations, or other activities pre-approved by the probation officer. Defendant shall participate in the Location Monitoring Program as directed by the probation officer for a period of four (4) years and be monitored at the discretion of the probation officer. Location monitoring shall be used to verify defendant's compliance with home detention while on the program. Defendant must pay all or part of the costs of the program based on defendant's ability to pay as determined by the probation office.

**IT IS SO ORDERED**.

Dated: March 5, 2021

SUSAN ILLSTON
United States District Judge